41 F.3d 1510
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles E. JONES, Plaintiff-Appellant,
v.
PEORIA COUNTY SHERIFF'S DEPARTMENT, a body politic; and the
Peoria County Sheriff's Merit Commission,
Defendants-Appellees.
 No. 94-1767.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 12, 1994.*
Decided Oct. 25, 1994.
 
 Before CUMMINGS, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Lieutenant Charles Jones filed a complaint in federal court under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e, et seq., contending that his discharge from the Peoria County Sheriff's department was racially motivated. He appeals the district court's decision striking an affidavit submitted by his attorney to support his race discrimination claim and the court's decision to grant the defendants' motion for summary judgment on the basis of res judicata. We find that the district court did not abuse its discretion in concluding that the affidavit was insufficient under Federal Rule of Civil Procedure 56(e). Unterreiner v. Volkswagen of America, Inc., 8 F.3d 1206, 1212 (7th Cir.1993). Moreover, we agree that the Illinois state courts issued a judgment on this matter that precludes review of Jones' Title VII claim under Illinois principles of res judicata. Accordingly, the grant of summary judgment was proper, Sullivan v. Lemoncello, No. 93-3087, slip op. at 2 (7th Cir. Sept. 28, 1994), and we affirm the district court's decision for the reasons stated in the attached Order.
 
 
 2
 AFFIRMED.
 
 ATTACHMENT
 
 3
 Filed March 4, 1994.
 
 THE UNITED STATES DISTRICT COURT
 FOR THE CENTRAL DISTRICT OF ILLINOIS
 CHARLES E. JONES
 
 4
 Plaintiff,
 
 
 5
 vs.
 
 
 6
 PEORIA COUNTY SHERIFF'S DEPARTMENT, a body politic; and THE
 
 
 7
 PEORIA COUNTY SHERIFF'S MERIT COMMISSION,
 
 
 8
 Defendants.
 
 Case No. 91-2383
 ORDER
 
 9
 This is a race discrimination case under Title VII of the 1964 Civil Rights Act. The case has been periodically stayed in this court, pending the outcome of state court proceedings. Those proceedings have concluded, bringing back to life numerous motions in this court. The court now grants the defendants' motions for summary judgment.
 
 FACTUAL BACKGROUND
 
 10
 On September 22, 1989, the Peoria County Sheriff's Merit Commission entered an order which discharged Charles Jones from employment as a Sheriff's Deputy. In October, 1989, Jones filed a Complaint for Administrative Review in the Circuit Court of the Tenth Judicial Circuit of Illinois seeking to reverse the decision of the Merit Commission. In that same month, Jones filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).
 
 
 11
 On March 26, 1992, the state circuit court found that the Merit Commission should not have discharged Jones and remanded the matter to the Merit Commission to enter an order imposing discipline other than discharge. The Merit Commission determined that Jones should be demoted and suspended without pay for 180 days. On December 2, 1992, the state court entered an order which confirmed the Merit Commission's decision. Appeals of both orders were taken, and on August 23, 1993, the Appellate Court for the Third District reversed the circuit court and reinstated the Merit Commission's original order to discharge Jones. After receiving his right-to-sue letter from the EEOC, Jones challenged his dismissal in federal court.
 
 ANALYSIS
 Motion to Strike
 
 12
 On February 1, 1994, the plaintiff filed an affidavit by the plaintiff's attorney, Donald R. Jackson. The affidavit states that during the pendency of Jones' state court proceedings, Jackson had two conversations with an unidentified member of the Peoria County Sheriff's Merit Commission who had participated in the decision to discharge Jones. According to Jackson, the commission member stated that Jones' race (he is an African-American) influenced the member's decision to terminate Jones. Jones submits this affidavit as evidence that his case is not barred by res judicata because of the previous state actions, as this is new evidence which he would have been unable to raise in the state court proceedings.
 
 
 13
 While it is not at all clear to the court that Jones could not have raised this issue in state court, his effort to raise it here is insufficient. Both of the defendants have brought motions to strike the affidavit, for different reasons. The court now grants the motions to strike for the following reason: the affidavit is entirely insufficient under F.R.Civ.P. 56(e). The only fact to which Mr. Jackson attests is that he had a conversation with an unidentified person regarding the influence Jones' race had on his dismissal. The affidavit does not document with whom Jackson spoke, when Jackson spoke with this person, or where Jackson spoke with this person. Both of the defendants have moved for summary judgment. Jackson's affidavit as part of Jones' response to the motion for summary judgment does not meet the standard of Rule 56(e):
 
 
 14
 When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. (If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.)
 
 
 15
 Jackson's affidavit does not set forth any specific facts, and therefore this court will strike the affidavit and not consider it.
 
 Summary Judgment
 
 16
 Each defendant has moved for summary judgment arguing that this court is precluded from hearing the present case on the grounds of res judicata. The defendant Peoria County Sheriff's Department filed a motion to amend their motion for summary judgment, which the court now grants in order to consider the summary judgment issue in its entirety.
 
 
 17
 This court must give state court judgments "the same full faith and credit ... as they have by law or usage in the courts of such State." Pirela v. Village of North Aurora, 935 F.2d 909, 911 (7th Cir.) cert. denied, 112 S.Ct. 587 (1991) (citations omitted). Thus, if a state court judgment would preclude a later state law case, it would also preclude a Title VII case. Kremer v. Chemical Construction Corporation, 456 U.S. 461, 476, reh'g denied, 458 U.S. 1133 (1982). The two-prong test to determine whether a claim is barred by res judicata requires the court to ask: "(1) whether the law of the state in which the prior judgment is rendered would give that judgment preclusive effect against the claims asserted in the federal action; and (2) whether the party against whom preclusion is asserted had a full and fair opportunity in the state proceedings to litigate the claims (i.e. whether the state proceedings satisfy minimum due process requirements." Welch v. Johnson, 907 F.2d 714, 719 (7th Cir.1990), citing Kremer, 456 U.S. at 481-82.
 
 
 18
 The first prong of the test asks simply whether the cause of action would be precluded under Illinois principles of res judicata. In Illinois, the doctrine of res judicata will apply if there is: "(1) identity of parties or their privies in the two suits; (2) identity of causes of action in the prior and current suit; and (3) a final judgment on the merits in the prior suit." Pirela, 935 F.2d at 911 (citations omitted).
 
 
 19
 The plaintiff does not contend either that the parties are not identical in the two cases, or that a final judgment was not reached in the state court proceeding. The plaintiff disagrees only with the second prong of the test, and maintains that this is not the same cause of action as was raised in the state court.
 
 
 20
 Illinois courts have historically applied two different tests in determining whether causes of action are identical. Under the "same evidence test," a court must determine "whether the same evidence would sustain both actions." Pirela, 935 F.2d at 912 (citations omitted). In a similar vein, the "transactional" test requires a court to analyze whether both causes of action arose from the "same operative group of facts," in other words, from the same transaction. Id.
 
 
 21
 Jones claims that under either test his state proceeding and this proceeding are different causes of action. He bases this claim on the fact that his state proceeding involved only the question of whether he was rightfully discharged, and thus the facts in issue were only whether or not Jones adhered to the police department's rules. He argues that in contrast, this proceeding is about whether he was treated differently from white officers.
 
 
 22
 Jones' contentions are in clear contravention of Seventh Circuit law, which shows that under both the "same evidence" test and the "transactional" test, all issues involving a termination involve one cause of action. The Seventh Circuit has relied on the reasoning of the Illinois Supreme Court in adopting a broad view of what the "same facts" and the "same transaction" mean:
 
 
 23
 [T]he conclusiveness of the judgment in [the prior action] extends not only to matters actually determined, but also to other matters which could properly have been raised and determined therein. This rule applies to every question relevant to and falling within the purview of the original action, in respect to matters of both claim or grounds of recovery, and defense, which could have been presented by the exercise of due diligence ...
 
 
 24
 The principle that res judicata extends to all matters within the purview of the original action, whether or not they were actually raised, is tantamount to a rule requiring parties to consolidate all closely related matters into one suit. As such, the principle serves well the interest of judicial economy and thus it is at the core of the res judicata doctrine.
 
 
 25
 Welch, 907 F.2d at 720 (citations omitted) (emphasis in original).
 
 
 26
 The Welch case is instructive. A public employee was fired. In her state cause of action, she challenged the propriety of her discharge; in her federal action she attempted to show that the basis of the discharge was sex discrimination under Title VII and 42 U.S.C. Sec. 1983. The court applied both tests. Under the "same evidence test" the court found that any evidence Welch had regarding discrimination in her discharge could and should have been raised as a defense at the state court level. In other words, the facts surrounding any harassment or discrimination she faced in her firing were relevant in both proceedings; thus, they were the same cause of action. The court reached the same result in applying the "transactional" test: "The single factual situation out of which both suits arise is [Welch's employer's] conduct toward Ms. Welch that eventually culminated in her discharge." Id. at 722. See also Pirela, 935 F.2d at 912 (former police officer's claim of discriminatory treatment in discharge and suspension procedures was same cause of action, for res judicata purposes, as his administrative discharge hearing and subsequent judicial review proceedings under Illinois law).
 
 
 27
 Jones's case is remarkably analogous. Any facts regarding a discriminatory motive in Jones' termination could, and should have been raised at the state level.[1] In the absence of the struck affidavit, Jones seems to have no support for his allegation of race discrimination. Even if he did, that claim would clearly involve the same facts and arise out of the same transaction as the relevant facts in the state court proceeding.
 
 
 28
 The second prong of the res judicata test asks the court to determine whether Jones had a full and fair opportunity to litigate his claims in the state proceedings, that is, "whether the state proceedings satisf[ied] minimum due process requirements." Welch, 907 F.2d at 719, citing Kremer, 456 U.S. at 481-82.
 
 
 29
 Jones maintains that because the Merit Commission originally intended to seek his demotion, but later dismissed him, that he was denied due process by not being able to present a sufficient defense. The charges against Jones did not change; only the punishment did. The court does not understand how this in any way affected Jones' ability to present a defense.
 
 
 30
 Jones also claims that because he did not learn of the alleged discriminatory intent until his case was pending in the circuit court, he was prevented from raising the defense. Jones could have brought the information to the attention of the state trial court, which then would have had two options to insure that Jones' due process rights were protected: 1) hearing the claim itself, or 2) remanding his case to the Merit Commission for further proceedings. Pirela, 935 F.2d at 915. The Pirela court found that the "failure to litigate his discrimination claims either before the [administrative commission] or on administrative review in the state circuit court 'does not insulate [the plaintiff's] claims from the effects of res judicata.' " Id., citing Welch, 907 F.2d at 725. Consequently, Jones' failure to raise the claim in state court does not prevent his case from being barred on res judicata grounds now.
 
 
 31
 There is nothing to indicate that any of Jones' proceedings in state court did not meet the standards of due process. One of the Merit Commission members submitted an affidavit as to the fairness of Jones' hearing in front of the commission. Jones was also heard by the state circuit and appellate courts. He has never complained about the fairness of any of these proceedings. Thus, he meets the second prong of the res judicata test of having had a full and fair hearing.
 
 
 32
 Having met both prongs of the res judicata test, this federal court proceeding is barred by the doctrine of res judicata. Because the proceeding is barred by res judicata, there are no more material issues of fact for the court to consider. In the absence of any issue of material fact, the court must grant summary judgment, in this case for the defendants. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 33
 The remainder of the motions in the case are denied as moot.
 
 
 34
 IT IS THEREFORE ORDERED that defendant Peoria County Sheriff's Department's motion to strike (Docket # 47) and defendant Peoria County Sheriff's Merit Commission's motion to strike (Docket # 49) are granted.
 
 
 35
 IT IS FURTHER ORDERED that defendant Peoria County Sheriff's Department's motion to amend their motion for summary judgment (Docket # 45) is granted.
 
 
 36
 IT IS FURTHER ORDERED that defendant Peoria County Sheriff's Merit Commission's motion for summary judgment (Docket # 28) and defendant Peoria County Sheriff's Department's motion for summary judgment (Docket # 33) are granted.
 
 
 37
 IT IS FURTHER ORDERED that the clerk is ordered to enter judgment in favor of the defendants and against the plaintiff. The parties shall bear their own costs.
 
 
 38
 IT IS FURTHER ORDERED that the remainder of the motions, defendant Peoria County Sheriff's Merit Commission's motion for the court to take judicial notice (Docket # 29), defendant Peoria County Sheriff's Merit Commission's motion to strike and to renew the motion to dismiss (Docket # 30), defendant Peoria County Sheriff's Department's motion to renew the motion to dismiss (Docket # 36), and defendant Peoria County Sheriff's Department's motion to take judicial notice (Docket # 37) are denied as moot.
 
 
 39
 /s/ Harold A. Baker
 
 HAROLD A. BAKER
 United States District Judge
 
 
 *
 After this case was set for oral argument, Plaintiff-Appellant submitted a motion to waive argument. The court granted that motion. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 Although the court has struck Mr. Jackson's affidavit and will not consider it, the court cannot resist noting that Mr. Jackson asserts that both of the alleged conversations took place during the pendency of the state proceedings, which reinforces the fact that this issue was known and should have been raised at the state court level